UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TOM SCHEDLER, *in his official capacity as Louisiana Secretary of State*, ET AL.

VERSUS

FEDERAL EMERGENCY MANAGEMENT AGENCY, ET AL.

CIVIL ACTION

NO. 11-598-JJB

## RULING ON MOTION TO DISMISS

Before the Court is a motion to dismiss (Doc. 31) for lack of jurisdiction filed by defendants, the Federal Emergency Management Agency (FEMA) and its parent agency, the Department of Homeland Security (DHS), against plaintiff Tom Schedler, Louisiana's Secretary of State. They move to dismiss on the grounds that the actions in question were discretionary in nature and are thus shielded from judicial review by sovereign immunity. Oral argument is unnecessary. Jurisdiction exists under 28 U.S.C. § 1331. For the following reasons, defendants' motion to dismiss is GRANTED.

I.

The following facts alleged by Plaintiff are taken as true for purposes of this motion. FEMA declared Hurricanes Katrina and Rita natural disasters in August and September of 2005, respectively. (Amended Complaint, Doc. 3, at ¶ VI). Some elections due to take place in impacted areas from October 2005 to March 2006 were officially postponed. (*Id*. at ¶ XII). President George W. Bush informed Louisiana Governor Kathleen Blanco that the hurricanes warranted special considerations under the Stafford Act, and the President authorized federal funds to cover 100% of eligible damages. (*Id*. at ¶ XIV).

FEMA, however, did not approve of some expenses incurred under its agency guidelines. (*Id*. at ¶ XVI). After the State submitted requests for reimbursement estimated at $1,709,573,

1

FEMA denied that request, even though Mississippi had been reimbursed for similar expenses as a result of the same hurricanes. (*Id*. at ¶¶ XVII-XX, XXXII). After Florida was subjected to Hurricane Charley, FEMA deemed the elections system a "critical and essential governmental function" and reimbursement was justified. (*Id*. at ¶ XXX). Likewise, FEMA approved New York's full request for $7,988,276 in reimbursement for its election postponement expenses in the wake of the September 11 attacks. (*Id*. at ¶¶ XXX (second)-XXI).

The Louisiana Secretary of State twice appealed FEMA's denial and was denied each time, the first in July 2007 and the second in August 2008. (*Id.* at ¶¶ XXI-XXIII). In March 2009, the Governor's Office of Homeland Security and Emergency Preparedness (GOHSEP) and the Louisiana Secretary of State organized a meeting with FEMA officials. (*Id.* at ¶ XXIV). At this meeting, a breakdown of the expenses incurred in rescheduling elections was presented to FEMA, along with a comparison between the reimbursement requested by Louisiana and the reimbursements received by other states experiencing similar disasters. (*Id.*).

In April 2009, GOHSEP estimated that Louisiana was eligible for reimbursement in the amount of $2,164,498.73 for expenses incurred in the postponement of elections. (*Id*. at ¶ XXV). That figure was later increased to over $3.5 million. (*See id.* at ¶¶ XXVII-XXVIII). In July 2009, FEMA determined that a total of $653,011 of the election postponement expenses were eligible for reimbursement, leaving just under $3 million in requested reimbursements unpaid. (*Id*. at ¶ XXVII).

This action arose out of FEMA's alleged decision not to reimburse Louisiana for the full amount of eligible expenses incurred by postponing elections following Hurricanes Katrina and Rita, when FEMA had reimbursed election postponement expenses for similarly situated states. Plaintiff asserts that FEMA's refusal to provide funding for the replacement of voting machines

2

constitutes a threat to the democratic process, violates the mandates contained in the Stafford Act, and constitutes arbitrary and capricious agency action in violation of FEMA's duty to make aid determinations in a fair and equitable manner.  (*Id.* at ¶¶ XXXIX-XLV).  The complaint alleges causes of action based on the Stafford Act, 42 U.S.C. §§ 5172, and the Administrative Procedures Act, 5 U.S.C. § 706.

II.

In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of the undisputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001).  Proponents have the burden of proving the existence of subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

III.

The defendants are components of the executive department of the United States.  DHS is a Cabinet-level executive agency, and FEMA falls within the DHS umbrella.  Their powers are delegated to them by the President, in whom Congress originally vested such powers through the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the Stafford Act), 42 U.S.C. § 5121, *et seq*.  FEMA therefore argues it may avail itself of the sovereign immunity doctrine.

The Supreme Court of the United States has held that, in general, "a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."  *Dugan v. Rank,* 372 U.S. 609, 620 (1963)

3

(citations omitted). The Supreme Court has also concluded that a suit brought by a State against the federal government cannot be maintained absent the federal government's consent. *State of Hawaii v. Gordon,* 373 U.S. 57 (1963). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). A statutory waiver of the federal government's sovereign immunity "must be unequivocally expressed in statutory text and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Peña*, 518 U.S. 187, 192 (1996) (citations omitted).

In *Berkovitz v. United States,* 486 U.S. 531 (1988), the Supreme Court enumerated its criteria for examining whether or not sovereign immunity applies to a given case:

> [I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case. In examining the nature of the challenged conduct, a court must first consider whether the action is a matter of choice for the acting employee. This inquiry is mandated by the language of the exception; conduct cannot be discretionary unless it involves an element of judgment or choice.… Moreover, assuming the challenged conduct involves an element of judgment, a court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield. The basis for the discretionary function exception was Congress' desire to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy….

*Berkovitz*, 486 U.S. at 536-537 (citations omitted). Recently, the Fifth Circuit Court relied on *Berkovitz* in dismissing, for lack of jurisdiction, a claim brought against the United States under the Federal Tort Claims Act (FTCA), where plaintiffs sought to hold the United States liable for deaths based on the defendant's alleged negligence in failing to perform nondiscretionary aid duties. *Freeman v. United States,* 556 F.3d 326 (5th Cir. 2009).

IV.

A plain reading of § 5148 of the Act supports FEMA's contention that the Act expressly retains sovereign immunity. "The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this [Act]." 42 U.S.C. § 5148. This interpretation finds support from *Johnson v. Federal Emergency Management Agency*, No. 06-5972, 2007 WL 1592978, at *1 (E.D.La. May 31, 2007), where the plaintiff, a victim of Hurricanes Katrina and Rita, sued FEMA for failing to provide him with monetary assistance as it allegedly did for similarly situated victims. The court dismissed for lack of subject matter jurisdiction as a result of sovereign immunity. *Id*. Likewise, the Eleventh Circuit has held that, in enacting 42 U.S.C. § 5148, "Congress indicated its intent to preclude judicial review of all disaster relief claims based upon the discretionary actions of federal employees." *Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987).

The language of the Stafford Act is mostly permissive, with some exceptions that plaintiff construes as a waiver of sovereign immunity. For example, the Act states that "the distribution of supplies, the processing of applications, and other relief and assistance activities shall be accomplished in an equitable and impartial manner, without discrimination on the grounds of race, color, religion, nationality, sex, age, disability, English proficiency, or economic status." 42 U.S.C. § 5151(a). As plaintiff has not alleged discrimination on any of the enumerated grounds, this Court finds § 5151(a) inapplicable here. Another part of the Act declares that "the Federal share of assistance under this section shall not be less than 75 percent of the eligible cost of repair, restoration, reconstruction, or replacement carried out under this section." 42 U.S.C. § 5172(b)(1). However, plaintiff addresses "eligible" costs only to the

extent of questioning Defendant FEMA's eligibility determinations. (Am. Complaint, Doc. 3, at ¶¶ XIX, XXIII-XXIX, XLIII). But because plaintiff identifies no provision of law which mandates FEMA to reimburse expenses incurred by any set formula or according to any specific criteria, the eligibility determination is simply another discretionary function of FEMA, shielded from judicial oversight by sovereign immunity.

The allocation of finite resources in an emergency is inherently a discretionary function necessary to FEMA's execution of its powers in a manner consistent with the legislative intent of the Stafford Act. Furthermore, such allocations are among the decisions that Congress intended to shield from review, as they involve questions of social, economic, and political policy which the Stafford Act was designed to address.[1]

Plaintiff points to *Dureiko v. United States,* 209 F.3d 1345, (Fed. Cir. 2000), as authority for allowing this suit to proceed. In that case, the Federal Circuit held that under the Stafford Act, the choice to enter into a contract is discretionary on the part of the federal government, but the choice to adhere to the contract is not, concluding that sovereign immunity does not shield the government from breach of contract claims. *Dureiko*, 209 F.3d at 1352-53. However, in the instant case, Plaintiff has not asserted that there was any contract, other than an alleged implied contract created by President Bush's announcement. By plaintiff's own admission, President Bush only authorized federal funds to cover "the *eligible* costs of the damages." (Am.

---

[1] Of course, due to the emotional and financial stakes involved in such determinations, the exercise of FEMA's discretion has enormous political ramifications. Because the parties have not presented argument on the potential applicability of the political question doctrine, and the Court finds it unnecessary to dispose of this case, the Court does not address it here.

This Court, however, recognizes, as does the plaintiff, that it seems callous and uncaring for FEMA to have paid similar expenses to other States and not pay the expenses incurred by Louisiana.

6

Complaint, Doc. 3, at ¶ XIV) (emphasis added). Thus, the alleged contract did not remove FEMA's discretion to determine which costs requested for reimbursement were "eligible."

*Freeman* clearly shows that the federal government's use of its discretionary power under the Stafford Act does not bring into existence a contractual relationship that creates a mandate for the government. As was the case in *Freeman*, plaintiff here does not complain about a total denial of disaster assistance, but rather how much assistance was received. *See* 2007 WL 1592978 at **2-3. Plaintiff has not shown the existence of a non-discretionary duty on the part of FEMA to reimburse it for the expenses claimed. Therefore, sovereign immunity applies to the actions complained of and insulates FEMA and DHS from suit under the Stafford Act. Additionally, since the Administrative Procedures Act does not form an independent basis for subject matter jurisdiction, *see Califano v. Sanders*, 430 U.S. 99, 105 (1977), the Courts likewise lacks subject matter jurisdiction over that claim.

V.

Accordingly, the motion to dismiss filed by defendants FEMA and DHS (Doc. 11) is GRANTED.

It is ORDERED that this case be DISMISSED for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on May 24, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**